UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND JUSTO KITILYA,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA MEDICAL FACILITY,<br><br>   Defendant. | No. 2:18-cv-1021 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

   I.   Application to Proceed In Forma Pauperis

   Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).

3      II.    <u>Statutory Screening of Prisoner Complaints</u>

4      The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
7  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
8  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
10  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
12  theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,
13  640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>
14  <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
16  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

17      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
19  what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550
20  U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,
23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
26  speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
28  cognizable right of action.'"  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
3  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
4  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
5  content that allows the court to draw the reasonable inference that the defendant is liable for the
6  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
7  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
8  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the
9  light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
10 McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11     III.    Complaint

12     The complaint alleges that the California Medical Facility violated plaintiff's due process
13 rights when it refused to restore over 12 months of lost good-time credits even though plaintiff
14 had remained disciplinary-free for 180 days. ECF No. 1. Specifically, plaintiff alleges that he
15 applied for restoration of four different ninety-day credit loses under title 15, section 3328(b) of
16 the California Code of Regulations, but only received credits back for one of the four infractions.
17 ECF No. 1 at 3, 6-7, 21. Plaintiff has attached his applications for restoration of credits, which
18 indicate that the disciplinary infractions took place on September 4, 2015; November 13, 2015;
19 February 18, 2016; and March 4, 2016. Id. at 17-20. The response to his appeal reflects that the
20 first two violations occurred on June 18, 2015 and August 27, 2015. Id. at 15.

21     IV.    Failure to State a Claim

22     As an initial matter, plaintiff has failed to name a proper defendant. "[A]n unconsenting
23 State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan,
24 415 U.S. 651, 662-63 (1974) (citations omitted). "Will[v. Mich. Dept. of State Police, 491 U.S.
25 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed
26 Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or
27 state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). Because the California Medical Facility
28 is an arm of the State, any claims against the prison are barred. However, even if plaintiff could

3

1 name a proper defendant, he would still fail to state a claim.

2 Plaintiff alleges that his due process rights were violated because the prison violated § 3328(b), which reads in pertinent part that "[a]n inmate may apply for restoration of 100 percent of any credit forfeited for a Division 'D' or 'E' offense, not identified in section 3327, after remaining disciplinary free for 180 days." ECF No. 1 at 3, 6-7, 21; Cal. Code Regs. tit. 15, § 3328(b). He asserts that because he went 180 days without a disciplinary infraction, he was eligible to have the credits from all four of his violations restored. ECF No. 1 at 3, 6-7.

While plaintiff has a liberty interest in retaining good-time credits that he has accumulated, and their deprivation is therefore be subject to the minimum procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539, 557 (1974), it is not clear that he has a substantive constitutional interest in the reinstatement of his credits. Moreover, the violation of state law, by itself, does not support a due process claim, Samson v. City of Bainbridge Island, 683 F.3d 1051, (9th Cir. 2012) ("not every violation of state law amounts to an infringement of constitutional rights" (citation omitted)). However, even if the court assumes that plaintiff had a liberty interest in the restoration of his good-time credits, his claim still fails because there was no violation of state law.

Under § 3328(a), "[a] disciplinary-free period shall commence immediately following the date and time an inmate is identified (date of discovery of information leading to the charge) as committing a rules violation." Section 3327 further provides that "[n]o credit shall be restored if the inmate is found guilty of any subsequent rule violation that occurred within the required disciplinary-free periods provided in Section 3328," Cal. Code Regs. tit. 15, § 3327(a)(2). Accordingly, even if the court were to give plaintiff the benefit of the earlier disciplinary dates listed in the response to his appeal, it is clear on the face of the complaint that he committed a subsequent disciplinary infraction within 180 of each of his first three violations and that the denial of his request to reinstate his credits was in compliance with the state regulations.

V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31

4

(9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

The undersigned finds that, for the reasons set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile.  The complaint should therefore be dismissed without leave to amend.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed without leave to amend because even if you have a liberty interest in the restoration of your credits, your requests for reinstatement were properly denied under the regulation.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE